UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood, Andrea Malester, and Alexis Gottschalk,

                     Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; The City of New York; Eric Adams in his capacity as the mayor of the City of New York; Adolfo Carrión, Jr in his capacity as the Commissioner of Housing Preservation and Development; Carmen Angelico p/k/a Carmen Santiago, Brendan Keany, Ambur Nicosia, Bette Levine, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, each in their professional capacities at Mutual and individual capacities; Ryan Dziedziech in his capacity as General Manager of Mutual; Continental Casualty Company; and John and Jane Does 1-50,

                     Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/22/2023
```

22 Civ. 9493 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed *pro se* Plaintiffs' letter dated May 15, 2023, and Defendant Mutual Redevelopment Houses, Inc.'s ("Mutual")[1] letter dated May 18, 2023. ECF Nos. 11–12. On November 22, 2022, this action was assigned to the Honorable Laura Taylor Swain. Dkt. Entry 11/22/2022. On April 24, 2023, the case was reassigned to the undersigned. Dkt. Entry 4/24/2023; *see also* ECF No. 9 (identifying 14 Civ. 7535 (AT), 18 Civ. 726 (AT), and 19 Civ. 9563 (AT) as related to the above-captioned matter). Plaintiffs state that they "plan to oppose . . . the reassignment [of this case to the undersigned] and [the undersigned's] acceptance" of this action as related to 14 Civ. 7535, including "[t]o the extent that there could be objections to the [o]rder of [r]eference" of pretrial matters to the Honorable Valerie Figueredo. ECF No. 11 at 2. Plaintiffs "request a brief stay [of the action] through at least July 6, 2023," due to Plaintiff Tzvee Wood's "unknown health condition," and request an extension of time to file their anticipated objections to reassignment of this case and the referral of pretrial matters to Judge Figueredo. *Id.* at 2–3. Mutual "do[es] not object to a reasonable extension of the Plaintiffs' time to object to the reassignment of this case to [the undersigned] or the reference to . . . Judge Figueredo, provided that the Court sets forth a specific date to file any such objection." ECF No. 12 at 1. Mutual objects to "a general stay of proceedings,"

---

[1] Mutual writes on behalf of "related individuals" to Mutual, including Defendants Matthew Barile, Morris Benjamin, Ryan Dziedziech, Gena Feist, Sarah Kahn, Fran Kaufman, Brendan Keany, Ambur Nicosia, Rocco Ottomanelli, Tracy Riposo-Cook, Robert Sikorski, Sascha Tobacman-Smith, and Maarten de Kadt. ECF No. 12 at 1; *see also* ECF No. 13.

and indicates that it "intend[s] to serve [Plaintiffs] with a single copy [of correspondence and other papers] unless otherwise directed by the Court."  *Id.*[2]  Accordingly:

1. Plaintiffs' request for a temporary stay of this action is DENIED.  By **July 6, 2023**, Plaintiffs shall file an amended complaint.  The complaint filed on November 3, 2022, a 10-page document that is not signed by Plaintiffs, is not a complete pleading.  ECF No. 1; *see also* ECF No. 9 at 1 n.1.
2. Plaintiffs' request for an extension of time to file their anticipated objections to the reassignment of this matter is GRANTED.  By **July 13, 2023**, Plaintiffs shall file their objections.
3. Plaintiffs' request for an extension of time to file objections to referral of pretrial matters to Judge Figueredo is DENIED.  "[T]here is no authority for a litigant to object to a referral of a civil action to a magistrate judge for the purpose of presiding over non-dispositive matters[.]"  *Cross v. State Farm Ins. Co.*, No. 10 Civ. 1179, 2011 WL 13234729, at *2 (N.D.N.Y. Nov. 7, 2011); *see also Agosto v. Fischer*, No. 16 Civ. 824, 2017 WL 11717551, at *2 (W.D.N.Y. Aug. 29, 2017) ("[A] district judge does not need to obtain the consent of the parties before referring an action to a magistrate judge for the conduct of pretrial proceedings[.]").

The Clerk of Court is directed to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: May 22, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Mutual states that Plaintiffs "have not consented to electronic receipt of papers as permitted by the Court," and that "Plaintiffs suffer no prejudice by receipt of a single copy" because they "all reside at the same address."  ECF No. 12 at 1.  The Court encourages the parties to meet and confer regarding service.  Although the Court takes no position on whether Mutual's proposal comports with due process at this time, the Court reminds Mutual of its obligations to comply with the Local Civil Rules of this District, the Federal Rules of Civil Procedure, and other applicable law regarding proper service.