```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _8/29/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood, Andrea Malester, and Alexis Gottschalk,

                 Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; The City of New York; Eric Adams in his capacity as the mayor of the City of New York; Adolfo Carrión, Jr in his capacity as Commissioner of Housing Preservation and Development; Carmen Angelico p/k/a Carmen Santiago, Brendan Keany, Ambur Nicosia, Bette Levine, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, each in their professional capacities at Mutual and individual capacities; Ryan Dziedziech in his capacity as General Manager of Mutual; Continental Casualty Company; and John and Jane Does 1-50,

                 Defendants.

22 Civ. 9493 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed *pro se* Plaintiffs' letter dated August 8, 2023, ECF No. 25; the letter dated August 15, 2023, from Defendant Mutual Redevelopment Houses, Inc. ("Mutual") and related individuals, submitted jointly with Defendants the City of New York, Eric Adams, and Adolfo Carrion, ECF No. 28; and Plaintiffs' letter dated August 21, 2023, ECF No. 29. Plaintiffs commenced this action (the "2022 Case") on November 3, 2022. *See* ECF No. 1. On November 22, 2022, it was assigned to the Honorable Laura Taylor Swain. Dkt. Entry 11/22/2022. On April 24, 2023, it was reassigned to the undersigned. Dkt. Entry 4/24/2023; *see also* ECF No. 9 (identifying 14 Civ. 7535 [the "2014 Case"], 18 Civ. 726 [the "2018 Case"], and 19 Civ. 9563 [the "2019 Case"] as related to the 2022 Case). Plaintiffs argue that the reassignment violates the district's Rules for the Division of Business Among District Judges[1] (the "RDB") and seek an order transferring the 2022 Case back to Judge Swain. For the foregoing reasons, Plaintiffs' request is DENIED.

    The related-case process in the Southern District of New York is governed by the RDB. As the preamble to the RDB makes clear, the RDB "are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys." RDB at 1. No litigant "would have any right to reassignment even if there had been a departure from the RDB."

---

[1] The RDB are available on the Court's website. *See* Board of Judges of the Southern Dist. of N.Y., *Rules for the Div. of Bus. Among Dist. Judges, Southern Dist. of N.Y.* (effective Feb. 1, 2023), https://www.nysd.uscourts.gov/sites/default/files/local_rules/2023-2-1%20SDNY%20Rules%20for%20the%20Division%20of%20Business.pdf.

*Chevron Corp. v. Donziger*, No. 11 Civ. 691, 2011 WL 979609, at *2 (S.D.N.Y. Mar. 7, 2011) (collecting cases); *see also United States v. Davila-Bajana*, 172 F.3d 38, at *1 (2d Cir. 1998) (summary order). "[T]hat fact alone dooms" Plaintiffs' request. *Azzarmi v. Neubauer*, No. 20 Civ. 9155, 2021 WL 1998749, at *1 (S.D.N.Y. May 19, 2021) (quoting *United States v. Brennerman*, Nos. 17 Cr. 155, 15 Civ. 70, 2017 WL 3421397, at *10 (S.D.N.Y. Aug. 8, 2017)).[2]

In any case, there was no violation of the RDB here. Rule 13 provides that cases will be deemed related "when the interests of justice and efficiency will be served." RDB 13(a)(1). To determine relatedness:

> [A] judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties or witnesses.

*Id.* The 2014 Case, the 2018 Case, and the 2019 Case all arose from a dispute between Plaintiffs Wood and Malester's application to purchase an income-limited apartment in New York City. *See* 2014 Case, ECF No. 344 at 1; 2018 Case, ECF No. 108 at 1; 2019 Case, ECF No. 85 at 1. The 2014 Case—and the 2018 Case, which was dismissed as duplicative—involved, *inter alia*, claims of discrimination under the Fair Housing Act and the New York General Business Law. *See* 2014 Case, ECF No. 344 at 13, 19. The 2019 Case involved claims pursuant to, *inter alia*, the Equal Credit Opportunity Act, the Fair Housing Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York General Business Law. 2019 Case, ECF No. 85 at 5. This action raises many of the same legal claims,[3] arising from the same underlying facts: alleged discrimination by Defendants, including Mutual, leading to the denial of housing to Plaintiffs. *See* Am. Compl. ¶ 1827.[4] Indeed, Plaintiffs concede that the factual background is "complicated and nuanced" and that "there is a long history between the parties." Am. Compl. ¶¶ 1–2. In addition to the substantial overlap of facts and parties, undue burden would result absent a determination of relatedness.[5]

Accordingly, Plaintiffs' request that this action be reassigned is DENIED.

---

[2] Plaintiffs broadly invoke the New York City Human Rights Law as "preclud[ing] deviation from the random assignment process." ECF No. 25 at 5. Plaintiffs have not identified any provision of the New York City Human Rights Law that could potentially support this claim.

[3] The amended complaint involves claims pursuant to the Fair Housing Act, Title VI of the Civil Rights Act, the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, and the Fourteenth Amendment to the United States Constitution. *See* Am. Compl. ¶¶ 1821–59, ECF No. 24.

[4] Plaintiffs are correct that "it would be an oversimplification to assume that every dispute between Wood and Mutual should be heard by a single judge." ECF No. 25 at 8. But Plaintiffs are incorrect that other judges have not heard their legal claims: Plaintiffs have filed at least four cases in New York state court and have appealed each final determination of this Court to the Second Circuit. *See* ECF No. 19 at 2. Plaintiffs' hope that "fresh eyes" could hear this action, ECF No. 25 at 5, implicitly concedes the substantial overlap with the facts at issue in the 2014, 2018, and 2019 Cases.

[5] Plaintiffs argue that, because the 2014 Case, the 2018 Case, and the 2019 Case were all not pending at the time of reassignment, relatedness was not warranted. *See* RDB 13(a)(2)(B) (setting forth a presumption that cases are unrelated after appeals are concluded). However, Plaintiffs concede that, at minimum, the appeal of the 2019 Case was still pending at the time of reassignment. ECF No. 25 at 3 (noting that the mandate did not issue until July 13, 2023).

3

      In their letter dated August 21, 2023, Plaintiffs state they intend to file a motion for sanctions against Mutual's counsel pursuant to Federal Rule of Civil Procedure 11. ECF No. 29 at 1. Plaintiffs state that Mutual's August 15, 2023 letter "contains statements which Defendants and their counsel know to be false and/or cannot be supported by facts or law." *Id*. Plaintiffs have offered no details as to why Mutual's letter is objectionable and warrants sanctions. Indeed, Plaintiffs admit that they "need to research specifics." *Id.* Mutual's letter responded to a direct order of the Court, contained minimal factual content, and stated claims that arise under existing law. As such, Mutual's August 15, 2023 letter does not form the basis for a Rule 11 motion. Plaintiffs, therefore, are ORDERED to not file such a motion.

      The Clerk of Court is directed to mail a copy of this order to Plaintiffs *pro se*.

      SO ORDERED.

Dated: August 29, 2023
       New York, New York

                                                    ANALISA TORRES
                                                 United States District Judge