# BRAVERMAN | GREENSPUN

A PROFESSIONAL CORPORATION

October 23, 2023

**Via ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Wood, et al. v. Mutual Redevelopment Houses, Inc., et al.*
               Case No. 22-cv-9493 (AT) (VF)

Dear Judge Figueredo:

      We represent Defendant Mutual Redevelopment Houses, Inc. ("Mutual") and related individuals (the "Mutual Defendants"),[1] and write jointly with Assistant Corporation Counsel Genan Zilkha, counsel for the City of New York, Mayor Eric Adams and HPD Commissioner Adolfo Carrion (the "City Defendants") and David Shyer, Esq. counsel for Continental Casualty Company ("Continental").

      Your Honor has issued an October 10, 2023 Initial Case Management Conference Order ("Conference Order," ECF 46), which scheduled an Initial Case Management Conference (the "Initial Conference") for November 14, 2023. We write to respectfully request that the Court stay discovery and adjourn the Initial Conference until dismissal motions recently filed by the Mutual Defendants, the City Defendants, and Continental have been decided. By email sent on October 17, 2023, Defendants requested Plaintiffs' consent to such a stay of discovery by October 20, 2023, and Plaintiffs have not responded.

      As your Honor may be aware, the present action is the seventh of eight cases stemming from Plaintiff Tzvee Wood's efforts to obtain an income-restricted cooperative apartment at Defendant Mutual. Three prior cases in this Court and one in Supreme Court, New York County[2] against Mutual and other parties, including HPD and the City of New York, have been dismissed on the merits. Two cases in Supreme Court, Nassau County[3] brought against the lawyers who briefly represented the Plaintiffs in the 2014 Federal Case

---

[1] The individual Defendants we represent are Brendan Keany, Ambur Nicosia, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, and Ryan Dziedziech.

[2] *Wood v. Mutual Redevelopment Houses, Inc.,* 14 Civ. 07535 (S.D.N.Y.), *app. dismissed*, No. 21-2617 (2d Cir. 2022) (the "2014 Federal Case"); *Wood v. Mutual Redevelopment Houses, Inc.*, 18 Civ. 00726 (S.D.N.Y.), *app. dismissed* No. 19-2739 (2d Cir. 2020) (the "2018 Federal Case"); *Wood v. Mutual Redevelopment Houses, Inc.*, 19 Civ. 2019 (S.D.N.Y.) *app. dismissed* No. 21-2775 (2d Cir. 2022) (the "2019 Federal Case"); *Wood v. Mutual Redevelopment Houses, Inc.*, Index No. 101354/2018 (Sup. Ct., N.Y. Cty.) (the "2018 State Case").

[3] *Wood v. Richman*, Index No. 605339/2022 (Sup. Ct., Nassau Cty.); *Wood v. Richman*, Index No. 611491/2021 (Sup. Ct., Nassau Cty.)

were also dismissed, with the second dismissal including an injunction barring Plaintiffs Wood and Malester from filing related cases in the Nassau County court. An additional case was recently filed in Supreme Court, New York County seeking to relitigate the state law causes of action dismissed on summary judgment by this Court in 2014 Case.[4]

The Mutual Defendants, the City Defendants, and Continental have each moved to dismiss the present action on grounds fundamental to the Plaintiffs' right to proceed herein. In an October 11, 2023 Amended Order of Reference (ECF 47), Judge Torres referred these three dismissal motions to Your Honor for a report and recommendation.

While Defendants recognize that the filing of the motions to dismiss does not automatically stay discovery, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). A stay may be granted where it is "supported by substantial arguments for dismissal." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). *Id.* (internal quotation omitted).

The circumstances of the present action warrant a stay. This present action is based on Plaintiffs' dispute with the Mutual Defendants over their attempts to secure an apartment at Mutual in 2012 and 2017, which attempts have been litigated and decided in the 2014, 2018, and 2019 Federal Cases and the 2018 State Case, all of which were dismissed. Further, the Plaintiffs' appeals from each of the Federal Cases were also dismissed. Indeed, Plaintiffs have recognized that the present action is not for the purpose of vindicating injuries separate from those in the prior actions, but rather to have "fresh eyes" reexamine their claims because: "Prior courts were ineffective at furthering compliance with the intent of Congress and/or the state and local legislative bodies." (ECF 25 at 5).

The Mutual Defendants have moved to dismiss because the Plaintiffs never obtained personal jurisdiction in that they have failed to serve process on the Mutual Defendants (despite an Order of this Court directing them to do so (ECF 21)), and because the present action is barred by claim and issue preclusion by reason of the prior dismissals.[5] The City Defendants have moved to dismiss based on res judicata, on Plaintiff Alexis Gottschalk's absence of standing, and on statute of limitations grounds. Continental, which was sued as Mutual's insurer, has moved to dismiss because non-parties to an insurance contract lack privity to bring claims against an insurer, and an insurer cannot be sued based on the actions of independent counsel it has assigned to represent a party to a matter. As set forth in the parties' respective motion papers, each of these motions are supported by substantial arguments and have a strong foundation in law, and thus justify a discovery stay.

---

[4] *Wood v. Mutual Redevelopment Houses, Inc.*, Index No. 155197/2023 (Sup. Ct., N.Y. Cty.) (Complaint, ¶ 57).
[5] The Mutual Defendants are also seeking an injunction barring the Plaintiffs from future filings because of their vexatious litigation conduct.

Honorable Valarie Figueredo
October 23, 2023
Page 3

      Having brought six prior related actions over nearly a decade, all of which have been dismissed, the Plaintiffs will not be prejudiced by a delay in discovery pending disposition of the dismissal motion.  Further, the 2014 Federal Case was decided on summary judgment after the completion of discovery.  In addition, a substantial portion of the allegations in the present action concern the affidavits submitted in support of the 2014 Federal Case summary judgment motion in 2020 by Brendan Keany and Carmen Santiago.  (Present Action Complaint, ¶¶ 839-977, ECF 24).  However, in granting summary judgment, Judge Torres denied the Plaintiffs request for further discovery with respect to those affidavits.  (2014 Federal Case ECF 344 at 20-21).  Further, in the 2019 Federal Case, when directed to prepare an initial set of discovery demands for pre-dismissal motion discovery "directly relevant to specific allegations" (2019 Federal Case ECF 36), the Plaintiffs submitted demands seeking 316 categories of documents, which were rejected by the Court, which instead required the Plaintiffs to serve "tailored" demands, which they never did.  (2019 Federal Case ECF 53).

      Accordingly, based on the nature and grounds of the dismissal motions, and considering the long litigation history, the Defendants respectfully request that the Initial Conference be adjourned until after the issuance of a decision on the dismissal motion, and that all discovery be stayed pending any such rescheduled Initial Conference.  Should the Court not adjourn the Initial Conference, the Defendants respectfully request that the Initial Conference be treated as a discovery conference regarding the Defendants' stay request pursuant to Section II(c)(5) of Your Honor's Individual Practices in Civil Cases.

      Further, should the Court decline to adjourn the Initial Conference, Defendants respectfully request clarification of the procedure to be followed in advance of such Conference.  Section II(a) of Your Honor's Individual Practices, sets forth two different procedures for Initial Conferences, one for counselled cases and one for pro se cases.  Though the Plaintiffs are pro se, the Conference Order directed the parties to follow the procedures for counselled cases, including meeting and conferring 21 days in advance of the Initial Conference and completing a joint Report of Rule 26(f) Meeting and Proposed Case Management Plan.  The Defendants respectfully submit that it would be more appropriate in this case to follow instead the Pro Se procedures under which each party must submit a Case Report and Proposed Case Management Plan for Pro Se Cases in advance of the Initial Conference.

                                                               Respectfully,

                                                              /s/ William J. Geller

                                                              William J. Geller

cc:    Tzvee Wood, Andrea Malester & Alexis Gottschalk (by mail)
         Genan Zilkha, Esq. (by ECF and e-mail)
         David Shyer, Esq. (by ECF and e-mail)

# CERTIFICATE OF SERVICE

      WILLIAM J. GELLER, an attorney admitted to practice before this Court certifies that I caused the within Letter to Honorable Valerie Figueredo re: Wood v. Mutual Redevelopment Houses, Inc., et al., Case No. 22-cv-9493 (AT) (VF) to be served by first class mail on the date hereof upon:

Tzvee Wood
271 Magnolia Boulevard
Long Beach, New York 11561

Andrea Malester
271 Magnolia Boulevard
Long Beach, New York 11561

Alexis Gottschalk
271 Magnolia Boulevard
Long Beach, New York 11561

Dated: October 23, 2023

                              **BRAVERMAN GREENSPUN, P.C.**

By:   /s/ William J. Geller
        William J. Geller
        wgeller@braverlaw.net
        *Attorneys for Mutual Defendants*
        110 East 42nd Street, 17th Floor
        New York, New York 10017
        (212) 682-2900

---

**Application Granted**

/s/ Valerie Figueredo, U.S.M.J.
DATED: October 31, 2023

The Court hereby stays discovery and adjourns the ICMC until Defendants' dismissal motions have been decided. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 53.