UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood, Andrea Malester, and Alexis Gottschalk,

                          Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; The City of New York; Eric Adams in his capacity as the mayor of the City of New York; Adolfo Carrión, Jr in his capacity as Commissioner of Housing Preservation and Development; Carmen Angelico p/k/a Carmen Santiago, Brendan Keany, Ambur Nicosia, Bette Levine, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, each in their professional capacities at Mutual and individual capacities; Ryan Dziedziech in his capacity as General Manager of Mutual; Continental Casualty Company; and John and Jane Does 1-50,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/12/2023_

22 Civ. 9493 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed *pro se* Plaintiffs' letter dated November 21, 2023, ECF No. 60, and the letter filed on November 26, 2023, by Defendant Mutual Redevelopment Houses, Inc., and related individuals (the "Mutual Defendants"), ECF No. 61.  Plaintiffs object to four non-dispositive orders entered by the Honorable Valerie Figueredo.  For the reasons stated below, Plaintiffs' objections are OVERRULED, and their request to vacate the orders is DENIED.

    Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).  An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).  Rule 72(a) imposes a "highly deferential standard of review." *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005).

    Plaintiffs object to four orders issued by Judge Figueredo.  On October 12, 2023, Judge Figueredo ordered Plaintiffs not to file a motion for a default judgment and directed them to respond

to the Mutual Defendants' motion to dismiss by December 11, 2023.  ECF No. 49.[1]  On October 17, 2023, Judge Figueredo clarified that the October 12, 2023 order "did not award Plaintiffs any relief requested in their letter of October 3."[2]  ECF No. 51.  On October 31, 2023, Judge Figueredo stayed discovery pending a decision on Defendants' motions to dismiss.  ECF No. 56.  That same day, Judge Figueredo denied Plaintiffs' request for an extension of time to amend their complaint and held that "[t]he Court cannot grant Plaintiffs' motion to amend the [c]omplaint until Defendants' motions to dismiss have been decided."  ECF No. 57.

Plaintiffs object to the October 12, 17, and 31, 2023 orders, arguing that they "are being denied sufficient due process, the ability to litigate with fundamental fairness, and to ultimately obtain justice in the merits of this action."  ECF No. 60 at 1.  Plaintiffs contend that Judge Figueredo's "responding orders are brief and general" and did not "adequately address[]" Plaintiffs' letters "in breadth or depth."  *Id.* at 3; *see id.* at 4.  This argument is without merit.  It is not clear error for Judge Figueredo to issue a concise decision.  *See Williams v. Rosenblatt Secs.*, Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) ("Under th[e clear error] standard, magistrate judges are afforded broad discretion in resolving non[-]dispositive disputes and reversal is appropriate only if their discretion is abused." (citation omitted)).[3]  These procedural orders have not denied Plaintiffs an opportunity to present their arguments or to litigate this action.  Plaintiffs may do so in their opposition to Defendants' motions to dismiss.[4]

Furthermore, upon the Court's review, Judge Figueredo's orders are not "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  First, Judge Figueredo's decision to require Plaintiffs to respond to the Mutual Defendants' motion to dismiss instead of filing a motion for a default judgment was appropriate given the "clear preference" in this Circuit "for cases to be adjudicated on the merits."  *U.S. Fidelity & Guar. Co. v. Petroleo Brasiliero S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004); *see id.* ("The determination of whether to grant a motion for default judgment is within the sound discretion of the district court.").  Second, a district court has "considerable discretion to stay discovery" upon a showing of good cause.  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  The Court is not left with a definite and firm conviction that the decision to stay was a mistake.  Third, Plaintiffs' request for an extension of time to amend their complaint is also subject to the district court's discretion.  *See Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019).  Judge Figueredo's decision to hold in abeyance the motion to amend until deciding Defendants' motion to dismiss is not clearly erroneous.

Accordingly, Plaintiffs' objections are OVERRULED, and their request to vacate the orders is DENIED.

---

[1] On October 10, 2023, the Mutual Defendants filed a motion to dismiss.  ECF No. 41.  The same day, Defendants Eric Adams, Adolfo Carrion, Jr., and the City of New York (the "City Defendants") and Defendant Continental Casualty Company also moved to dismiss.  ECF Nos. 36, 39.

[2] In Plaintiffs' letter dated October 3, 2023, they stated that "[i]t appears Mutual Defendants are in default," and therefore, sought to bar the Mutual Defendants from filing a motion to dismiss and requested that the Court compel information from the Mutual and City Defendants in order to serve Defendants Carmen Angelico and Betty Levine.  ECF No. 35 at 1, 3–5.

[3] Plaintiffs' speculation that Judge Figueredo did not review the record, ECF No. 60 at 4, is unsupported.

[4] For example, Plaintiffs state that Judge Figueredo did not resolve arguments that they raised regarding Defendants' reliance on "rulings from [New York] [s]tate courts" in Defendants' motion to dismiss.  ECF No. 60 at 4.  This substantive argument may be properly raised in Plaintiffs' opposition to Defendants' motion to dismiss.

The Clerk of Court is directed to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: December 12, 2023
New York, New York

ANALISA TORRES
United States District Judge