UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood, Andrea Malester, and Alexis Gottschalk,

                      Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; The City of New York; Eric Adams in his capacity as the mayor of the City of New York; Adolfo Carrión, Jr in his capacity as the Commissioner of Housing Preservation and Development; Carmen Angelico p/k/a Carmen Santiago, Brendan Keany, Ambur Nicosia, Bette Levine, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, each in their professional capacities at Mutual and individual capacities; Ryan Dziedziech in his capacity as General Manager of Mutual; Continental Casualty Company; and John and Jane Does 1-50,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/12/2024
```

22 Civ. 9493 (AT) (VF)

**ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiffs *pro se*, Tzvee Wood, Andrea Malester, and Alexis Gottschalk, bring this action against Defendants, Mutual Redevelopment Houses, Inc. ("Mutual") and related individuals (together, the "Mutual Defendants"), the City of New York, Mayor Eric Adams, and New York Housing Commissioner Adolfo Carrión, Jr. (together, the "City Defendants"), and Continental Casualty Company ("Continental"), alleging that Defendants unlawfully discriminated against them in the housing application process. Defendants moved to dismiss the claims, ECF Nos. 36, 39, 41, and the Court referred the motions to the Honorable Valerie Figueredo, ECF No. 47.

    Before the Court is Judge Figueredo's Report & Recommendation (the "R&R"), dated August 1, 2024, which recommends that Plaintiffs' request to voluntarily dismiss the case under

Rule 41(a)(2) be denied, Defendants' motions to dismiss be granted, and the Mutual Defendants' motion for an anti-filing injunction be denied. R&R at 35, ECF No. 97. The Mutual Defendants timely objected. Obj., ECF No. 99. On August 31, 2024, after the Court had already extended the deadline to object to the R&R, Plaintiffs moved for additional time to file their objections. ECF No. 105.

For the reasons stated below, the Court MODIFIES the R&R to grant an anti-filing injunction, ADOPTS the remainder of the R&R, and DENIES Plaintiffs' motion for an extension of time to file objections.

## BACKGROUND

Plaintiffs commenced this suit in November 2022. ECF No. 1. Notably, this is not the first time that Plaintiffs have brought discrimination claims against Defendants. In fact, Wood and Malester have had nearly identical claims dismissed on the merits in four prior lawsuits.[1] Obj. at 1–2.

Five months after Defendants moved to dismiss and the Court referred the case to Judge Figueredo, Plaintiffs moved to voluntarily dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), representing that Wood's health problems impaired Plaintiffs' ability to litigate the case. ECF No. 73. Although Defendants agreed that the case should be dismissed, they asked Judge Figueredo to dismiss the claims with prejudice, and the Mutual Defendants requested that she issue an injunction barring Plaintiffs from filing related claims in the future without leave of the Court. ECF Nos. 76, 77. As required by Second Circuit law, *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam), Plaintiffs received notice and an opportunity to be heard on the matter of the anti-filing injunction, ECF No. 91.

---

[1] Gottschalk, Wood's partner, is a new party to this prolonged litigation, but as Judge Figueredo explains, she has no standing to file suit in the first place. R&R at 18–19.

On August 1, 2024, Judge Figueredo issued her R&R.  R&R at 35.  Applying the factors set out in *Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990), she first determined that Plaintiffs' claims should not be voluntarily dismissed without prejudice under Rule 41(a)(2).  R&R at 16.  Judge Figueredo next described why dismissal was warranted under Rules 12(b)(1) and (b)(6), explaining that: (1) Gottschalk lacked standing to sue, *id.* at 18–19; (2) claim preclusion barred Wood and Malester from relitigating their claims against the City and the Mutual Defendants, *id.* at 20–28; and (3) Plaintiffs could not maintain an action against Continental, Mutual's insurer, because New York common law generally absolves an insurer from liability for the actions of an insured, *id.* at 28–30; *see also Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 857 (N.Y. 2004) (explaining that, under New York law, "a stranger to [an insurance] policy" can recover against an insurer only when he "has obtained a judgment against the insured" (quoting N.Y. Ins. Law § 3420(b)(1))).  Finally, Judge Figueredo denied the Mutual Defendants' motion for an anti-filing injunction because, although Wood and Malester's "repeated frivolous lawsuits have imposed an unnecessary burden on the courts," "the record here does not conclusively demonstrate that a lesser sanction, short of an injunction, would be inadequate to deter Plaintiffs' conduct."  R&R at 33.

The Mutual Defendants timely objected.  Obj. at 1.  On August 20, 2024, after the deadline to file objections had elapsed, Plaintiffs moved for, among other things, additional time to file their objections.[2]  ECF No. 100.  The Court granted their motion, giving them until

---

[2] Plaintiffs assert that their motion was timely, explaining that they had fourteen days after the R&R was served on them, not fourteen days from when it was filed on the docket, to object, ECF No. 105 at 1–2, and pursuant to Federal Rule of Civil Procedure 6(d), because they were served by mail, they should receive an additional three days on top of that.  Plaintiffs are correct that, because the R&R was not served on them until August 5, ECF No. 98, they had until August 19 to file objections. Fed. R. Civ. P. 6(d).  However, the three days that Rule 6(d) adds when service is completed by mail is designed to account for the three days it typically takes to effectuate such service.  *See Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008).  When a deadline already accounts for the delay in service, as the August 19 deadline did here, the deadline will not be extended a further three days.  Because

September 3 to object. ECF No. 102. The Court also warned Plaintiffs that no further extensions would be granted absent good cause. *Id.* at 2. Nevertheless, on August 31, Plaintiffs once again requested an extension of time to object to the R&R and to respond to the Mutual Defendants' objections, explaining that they could not make the September 3 deadline because Ms. Malester was "away and unavailable to collaborate," Ms. Gottschalk had "professional commitments over the Labor Day weekend," law libraries are not open on weekends or holidays, Plaintiffs' contact at the *pro se* clinic was no longer on staff, and Mr. Wood's medical conditions required that he have time for "additional rest." ECF No. 105 at 3. Three days later, Plaintiffs reiterated their request for additional time and asked that the Court increase the applicable page limit for their objections. ECF No. 107.

## DISCUSSION

I. The R&R and the Mutual Defendants' Objections

A federal district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court applies de novo review to the portions of the R&R objected to by the parties, and it reviews the remainder of the R&R for clear error. *Thomas v. Astrue*, 674 F. Supp. 2d 507, 510–11 (S.D.N.Y. 2009). The Court has reviewed Judge Figueredo's cogent R&R and finds that it is not erroneous on its face, so it now turns to the Mutual Defendants' objections and conducts its own plenary review.

In determining whether to issue an anti-filing injunction, a district court considers "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant

---

Plaintiffs moved for an extension on August 20, one day after their objections were due, their filing was untimely. *See* ECF Nos. 98, 100.

4

have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Judge Figueredo correctly articulated why the first four considerations favor granting an injunction, explaining that Wood and Malester possess "extensive litigation experience," having previously filed four cases with nearly identical claims, each of which has been dismissed on the merits. R&R at 30–33. Judge Figueredo, however, concluded that the fifth factor—whether other sanctions would be adequate to deter frivolous litigation—counsels against granting an injunction because no court has previously assessed monetary sanctions against Plaintiffs, and there is no indication that Plaintiffs are judgment-proof. *Id.* at 34.

The Mutual Defendants advance two arguments: First, Judge Figueredo improperly held that all five *Safir* factors must be satisfied before a court may issue an anti-filing injunction, and second, she overlooked record evidence showing that a lesser sanction would not suffice to deter Plaintiffs from continuing to file meritless suits. Obj. at 5. The Court agrees. As to the first argument, the R&R concludes that, "[w]ithout some indication that a lesser sanction would be inadequate to protect Defendants and deter Plaintiffs from filing vexatious suits, an anti-filing injunction at this point is premature." R&R at 34. Even though Judge Figueredo did not explicitly state that all five *Safir* factors must be met before granting an injunction, this statement implies that is the case. But the Second Circuit has never required that all five factors be met, and in fact, it has previously upheld the issuance of a similar injunction where only three of the *Safir* factors were satisfied. *E.g.*, *Hermes of Paris, Inc. v. Swain*, No. 20-3451, 2021 WL 5170726, at *3–4 (2d Cir. Nov. 8, 2021) (summary order).

5

And, regarding the Mutual Defendants' second argument, it seems unlikely that a lesser sanction would deter Plaintiffs from refiling a similar action in the future. As the Mutual Defendants recount, Plaintiffs have filed seven related cases over the past ten years, the first six of which have been dismissed. ECF No. 43 at 27. Although no court has imposed monetary sanctions, a New York state court previously issued an anti-filing injunction after finding that Plaintiffs' "persistent filing of meritless actions" had led them to "forfeit[] their right to free access to the courts." ECF No. 42-21. Plaintiffs filed a related action in state court less than a month after the injunction issued, *see* ECF No. 42-29, demonstrating the gravity of Plaintiffs' disregard for the judicial process and the need for intervention.

For these reasons, the Court sustains the Mutual Defendants' objections.

II.     Plaintiffs' Request for an Extension to File Their Objections

"When an act may or must be done within a specified time," a court may "extend the time" for "good cause." Fed. R. Civ. P. 6(b). It is within the sound discretion of the Court to grant or deny such an extension. *See Adu Beniako v. Maimonides Med. Ctr.*, 8 F. App'x 43, 44 (2d Cir. 2001) (summary order). Here, the Court exercises that discretion to deny Plaintiffs' motions for an extension of time to file objections.

As detailed above and in the R&R, Plaintiffs are vexatious litigants who, time and again, have abused the federal and state court systems to pursue frivolous claims. *See* R&R at 13–14. In addition to the many lawsuits they have filed against Defendants, Plaintiffs have also "initiated at least eight other cases against defendants ranging from SoulCycle to a roofing company, in state, federal, and administrative courts." *Wood v. Mut. Redevelopment Houses, Inc.*, No. 14 Civ. 7535, 2021 WL 4197280, at *6 (S.D.N.Y. Sept. 14, 2021) (listing cases). Plaintiffs have often made excuses similar to those they present here in order to delay judicial

6

proceedings. *See, e.g.*, *id.* at *5 (detailing Plaintiffs' requests for extensions due to "not hav[ing] staff" and "shoulder issues" from "computer usage"); *Wood v. Mut. Redevelopment Houses, Inc.*, No 14 Civ. 7535, 2019 WL 11590145, at *3 (S.D.N.Y. Mar. 21, 2019) (describing Plaintiffs' unreasonable request for a year and a half to conduct depositions), *aff'd*, 2019 WL 11590155 (S.D.N.Y. Apr. 26, 2019).

Although Plaintiffs are *pro se* and therefore deserve some amount of procedural leniency, *see Tracy v. Freshwater*, 623 F. 3d 90, 101 (2d Cir. 2010), Wood was enrolled in law school for five semesters, and by this point, having filed lawsuits since at least 1999, he is an experienced litigator, *Wood*, 2021 WL 4197280, at *6. Furthermore, in its August 23, 2024 order, the Court warned Plaintiffs that no further extensions would be granted absent good cause. ECF No. 102 at 2. As such, the Court will not indulge Plaintiffs any further. *See Tracy*, 623 F.3d at 103 ("[A] *pro se* litigant's experience with and knowledge of both the legal system in general and the particular procedural context at issue are certainly factors that a court should consider when determining the degree of solicitude to afford that litigant."); *Edwards v. Selsky*, No. 04 Civ. 1054, 2007 WL 748442, at *3 nn.12–13 (N.D.N.Y. Mar. 6, 2007) (listing cases in which leniency was denied to experienced and litigious *pro se* parties).

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for an extension of time to file objections and adopts in part and modifies in part the R&R to hold that: (1) Plaintiffs' motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) is DENIED, (2) Defendants' motions to dismiss pursuant to Rules 12(b)(1) (as to Gottschalk's claims) and 12(b)(6) (as to Wood and Malester's claims) are GRANTED, and (3) Plaintiffs are ENJOINED

from filing any future actions in this Court related to the present allegations without first obtaining leave of the Court.

The Clerk of Court is respectfully directed to (1) terminate the motions at ECF Nos. 36, 39, 41, 105, and 107, (2) close the case, and (3) mail a copy of this order to *pro se* Plaintiffs.

SO ORDERED.

Dated: September 12, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge