UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tzvee Wood, Andrea Malester, and Alexis Gottschalk,

                      Plaintiffs,

-against-

Mutual Redevelopment Houses, Inc.; The City of New York; Eric Adams in his capacity as the mayor of the City of New York; Adolfo Carrión, Jr in his capacity as Commissioner of Housing Preservation and Development; Carmen Angelico p/k/a Carmen Santiago, Brendan Keany, Ambur Nicosia, Bette Levine, Fran Kaufman, Maarten de Kadt, Matthew Barile, Morris Benjamin, Robert Sikorski, Rocco Ottomanelli, Sarah Kahn, Sascha Tobacman-Smith, Tracy Riposo-Cook, Gena Feist, each in their professional capacities at Mutual and individual capacities; Ryan Dziedziech in his capacity as General Manager of Mutual; Continental Casualty Company; and John and Jane Does 1-50,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/27/2025
```

22 Civ. 9493 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs *pro se*, Tzvee Wood, Andrea Malester, and Alexis Gottschalk, bring this action against Defendants, Mutual Redevelopment Houses, Inc. ("Mutual") and related individuals (together, the "Mutual Defendants"), the City of New York, Mayor Eric Adams, and New York Housing Commissioner Adolfo Carrión, Jr. (together, the "City Defendants"), and Continental Casualty Company ("Continental"), alleging that Defendants discriminated against them in the housing application process. *See generally* Am. Compl., ECF No. 24. On September 12, 2024, the Court adopted in part and modified in part the report authored by the Honorable Valerie Figueredo (the "R&R"), denying Plaintiffs' motion for voluntary dismissal without prejudice, granting Defendants' motions to dismiss, and enjoining Plaintiffs from filing future actions in this Court relating to the present allegations without first obtaining leave of the Court. R&R, ECF No. 97; Order, ECF No. 108.

    On September 18, Plaintiffs submitted untimely objections to the R&R, Mot., ECF No. 111, which the Court construes as a motion for reconsideration, ECF No. 113. Before the

Court is Plaintiffs' motion, Defendants' responses in opposition, ECF Nos. 122–24, Plaintiffs' reply, ECF Nos. 133–35, and Mutual's sur-reply, ECF No. 136.[1]

Local Civil Rule 6.3 governs motions for reconsideration. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, 722 F. Supp. 3d 347, 351 (S.D.N.Y. 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up) (citations omitted).

The Court, which presumes familiarity with the facts of this action, addresses each of Plaintiffs' objections in turn.

First, Plaintiffs assert that, if discovery has not yet begun in a case, the Supreme Court's decision in *Jones v. SEC*, 298 U.S. 1 (1935), precludes the application of *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990), in analyzing whether a voluntary dismissal should be granted without prejudice. Mot. at 3–6. Plaintiffs cite no law to that effect, so the Court disregards their argument as an unsupported assertion.

Second, Plaintiffs argue that it was "clearly erroneous" for Judge Figueredo to have used the *Zagano* test instead of the legal prejudice test when evaluating the appropriateness of dismissal without prejudice. *Id.* at 5–6. As Judge Figueredo explained, the legal prejudice test is usually applied when a defendant has asserted a counterclaim that would also be dismissed if the plaintiff's motion to dismiss were granted, or when the *Zagano* factors would otherwise "have little, if any, relevance." *Richards v. Groton Bd. of Educ.*, No. 14 Civ. 709, 2015 WL 4999803, at *2 (D. Conn. Aug. 21, 2015) (citation omitted); *see also* R&R at 16; *Camilli v. Grimes*, 436 F.3d 120, 123–24 (2d Cir. 2006). The Court agrees with Plaintiffs that the presence of a counterclaim is not the only circumstance under which a Court should apply the legal prejudice test, *see* Mot. at 5 n.12, but Plaintiffs have identified no compelling reason why the *Zagano* test should not apply here, so the Court rejects their argument.

Third, Plaintiffs contend that Judge Figueredo misapplied *Zagano* because, *inter alia*, Wood did not know that his health would prevent him from prosecuting this action until shortly before Plaintiffs filed their motion to dismiss, Mot. at 8–10; there is no evidence that Plaintiffs have demonstrated "undue vexatiousness" outside of their many lawsuits, *id.* at 10–11; and Judge Figueredo was "not permitted to scrutinize Plaintiffs' reason [for seeking dismissal]," *id.* at 13–14. Plaintiffs' first point is belied by the factual record, their second point is irrelevant, and their third point is legally incorrect. *See* R&R at 10–12. Furthermore, the weighing of the *Zagano* factors rests in the sound discretion of the Court, *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996), and the Court sees no error in Judge Figueredo's analysis.

---

[1] After Mutual filed its sur-reply, Plaintiffs moved to strike the filing from the record, for the Court to sanction Mutual, for oral argument, and for the Court to stay the action. ECF No. 138 at 3, 6. Because the Court sees no merit to any of Plaintiffs' requests, they are DENIED.

Fourth, Plaintiffs fault Judge Figueredo for failing to give them enough time to file papers and brief various issues. *See* Mot. at 15–17. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The Court has reviewed the docket and finds that Judge Figueredo provided ample time for Plaintiffs to respond to all of Defendants' arguments and the Court's inquiries. Accordingly, the Court rejects Plaintiffs' baseless claims of prejudice.

Most of Plaintiffs' remaining objections concern Judge Figueredo's handling of Defendants' motions to dismiss. Plaintiffs primarily argue that Judge Figueredo erred in finding their claims barred by *res judicata* because their first amended complaint newly asserts that Defendants retaliated against Plaintiffs for bringing suit. Mot. at 18–24. The "new acts" that Plaintiffs refer to are comprised of (1) a series of unsupported claims that Defendants have "taken actions which have harmed Plaintiffs," (2) assertions that Defendants' various court filings constitute "information warfare," and (3) the repetition of facts asserted in Plaintiffs' prior actions. *See* Am. Compl. ¶¶ 819–1199. The Court, therefore, agrees with Judge Figueredo that claim preclusion applies.

Plaintiffs also contend that an anti-filing injunction is inappropriate at this time. Mot. at 24–29. They offer no convincing caselaw or facts that the Court did not already consider in its September 12 order, so the Court reaffirms its earlier decision.

Finally, Plaintiffs argue that Judge Figueredo erred by "narrow[ing]" their claims against Continental. Mot. at 29–31. Having reviewed Plaintiffs' amended complaint, the Court agrees with Judge Figueredo that an insurer generally cannot be held liable for the actions of its insured, *see Tatas v. Ali Baba's Terrace, Inc.*, No. 19 Civ. 10595, 2020 WL 2061539, at *3 (S.D.N.Y. Apr. 29, 2020), and any of Plaintiffs' allegations directed toward Continental's own actions constitute "conclusory allegations" that fail to meet the plausibility standard laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs *pro se*.

SO ORDERED.

Dated: February 27, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge